# United States District Court

SOUTHERN ——————— DISTRICT OF ——————— NEW YORK

WANDA SINCLAIR,

                 Plaintiff,

                 v.

THE CITY OF NEW YORK,

                 Defendant

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: **06 CV 0141**

Judge Pauley

TO: (Name and Address of Defendant)

Corporation Counsel, City of New York
City of New York Law Department
100 Church Street
New York, New York 10007

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)
          PAMALA D. HAYES, ESQ.,
          200 West 57th Street, Suite 900
          New York, New York 10007

an answer to the complaint which is herewith served upon you, within ___thirty (30)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

J. MICHAEL McMAHON
**CLERK**

*Jessica Doss*

BY DEPUTY CLERK

January 6, 2006
**DATE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x

WANDA SINCLAIR,                          :

        Plaintiff,               :     COMPLAINT AND
                                                JURY TRIAL DEMAND
    -against-                       :

THE CITY OF NEW YORK,                    :

        Defendant.               :

-------------------------------------------------x


## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended, and the Civil Rights Act of 1866, the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 628 and 634 to correct unlawful employment practices on the basis of Race and Age. Plaintiff also pleads the New York City Civil Rights Act, "Specifically Intro 22A" City of New York Human Rights Act, and to make whole Wanda Sinclair.

During her employment with the City of New York, specifically with the Department of Housing Preservation and Development in New York City, Plaintiff Wanda Sinclair was subjected to severe and pervasive racial and gender discrimination and discrimination on the basis of age, as well as a hostile work environment. Said illegal discriminatory behavior continues through the filing of this complaint.

Plaintiff has continually been passed over for promotions, due to her race and age; said positions have been given to a younger, less experienced, white male. Said

discrimination occurred solely because of Plaintiff's race and age.

## JURISDICTION AND VENUE

1.     Jurisdiction of the Court is invoked pursuant to 28 U.S.C.A. §§ 1343 and

1343(4) and 42 U.S.C.A. § 1981; this being a proceeding seeking to enforce rights and

remedies secured under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act

of 1866, the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634 and the

Human Rights Law of the City of New York, specifically "Intro 22A".

2.     The employment practices alleged to be unlawful were committed within

the jurisdiction of the United States District Court for the Southern District of New York.

3.     Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2261 and 2262, this

being an action for Declaratory Judgment declaring illegal the acts of Defendant

complained of herein.

## PARTIES

4.     Plaintiff, Wanda Sinclair, is a 52-year-old African-American born in

Brooklyn, New York.  Plaintiff resides in Brooklyn.

5.     Defendant is a municipal corporation, incorporated in New York State.

The City of New York is a corporation doing business in New York State and is

responsible for implementing the City's employment policies and regulatory practices.

Thus, they are ultimately responsible for the unlawful practices complained of herein.

They are being sued in their official corporate capacity as provided in 717(c), 42 U.S.C. §

2

2000e-16(c).

6.      Defendant is an employer in the meaning of Title VII of the Civil Rights Act as amended and is ultimately responsible for the unlawful practices complained of herein.

7.      At all relevant times relevant to this action, Plaintiff was and is employed by the City of New York.  As such she is an employee in the meaning of Title VII.

## FACTS GIVING RISE TO RELIEF

1.      On July 29, 2004 Plaintiff applied for a position as Deputy Director in the New Foundations Program.  Said position (Associate City Planner, Level II) had been posted July 12 through July 31, 2004).

2.      On August 4, 2004, Plaintiff was notified that her resume was received and she would be contacted in the future.

3.      Plaintiff was never interview for said position.

4.      Eric Endermic, is a white male, 25 years old, and 24 years younger than Plaintiff.  Plaintiff has a B.A. from Mergers Evers College and 27 years experience in the field of Housing Preservation and Development.

5.      Plaintiff was qualified for the position and had been doing said type of work with the agency, as well as performing supervisory functions.

6.      On August 16, 2004 Eric Endermic was appointed from 'the outside' to the announced position.  However, an e-mail generated message included him in on a staff

3

meeting scheduled for August 16, 2004. Said e-mail was dated August 3, 2004 before

Plaintiff was told she would be contacted (August 4, 2004).

7.     Consequently, the City had already decided to select Mr. Endermic before

they even completed their process.

8.     Plaintiff pursued said position by contacting Cris Alread, a Department

Manager. On August 8, she was told she would be contacted once Defendant had

completed the review process. There never was a review process, subsequently.

9.     On November 4, 2004 Plaintiff sent another letter asking who was selected

selected, their qualifications and why she was not selected. (See Exhibit).

10.     Plaintiff did not receive an answer to her letter. However, Cris Alread told

her there would be other positions coming up soon.

11.     On June 30, 2005 a posting for the position of Director of Operations for

the Home Ownership Development Program opened. Plaintiff also applied for that

position. Plaintiff met all qualifications. Said position was filled by Eric Enderlin, a

white male, 24 years Plaintiff's junior. Said individual had received the other position

Plaintiff previously applied for and was rejected.

12.     Plaintiff has performed her work in a superior fashion and have received

outstanding evaluations. It appears that Plaintiff was not interviewed or given these

positions because the City's process was a sham . . . and was not ever intended to be an

open fair selection process except for said young, white, male . . . .

4

13.     Plaintiff is obviously being precluded from promotions at her Department, which is not based on an objective selection process.

14.     Plaintiff pursued a compliant with the Equal Employment Opportunity Commission.  She received a "Right to Sue Letter" which was mailed to her on October 4, 2004.  She received said letter on October 11, 2004.  Plaintiff files her timely law suit in accordance with said "Right to Sue Letter."

## CAUSE OF ACTION

## COUNT ONE

(For Racial Discrimination in Failing to Promote Plaintiff and Failure to Provide Equal Opportunity in Promotions in Violation of the Civil Rights Act of 1866, 42 U.S.C.A. § 1981.)

15.     Plaintiff re-alleges the allegations of ¶¶ 1-14 and incorporate them by reference herein.

16.     Defendant, by their supervisors and managers, and other subordinate employees, undertook a course of discriminatory, retaliatory and harassing treatment against Plaintiff on the basis of her Race, as alleged herein, including but not limited to creating an intimidating, hostile, and offensive work environment.  These actions constitute Racial Discrimination, Violation of the Civil Rights Act of 1866, 42 U.S.C.A. § 1981.

17.     Defendant, by the supervisory and management staff employees of the City of New York Department of Housing Preservation and Development, located in New

5

York undertook the actions alleged herein intentionally and in wanton disregard for Plaintiff's constitutional and statutory rights.

18.     These practices and employment policies unlawfully discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment based upon her race and ultimately caused her to be "discriminated" in her employment.

## CAUSE OF ACTION

## COUNT TWO

(Cause of Action for Discrimination in Discrimination of Employment in Violation of Title VII of the Civil Rights Act of 1964 as amended.  42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1231 and 1343(4).)

19.     Plaintiff re-alleges the allegation of ¶¶ 1-18 and incorporate them by reference herein.

20.     Defendant, by their supervisors and managers undertook a course of discriminatory, retaliatory and harassing treatment against Plaintiff by giving a position to an individual approximately twenty four (24) years younger than her and keeping Plaintiff in the same position, as a pretext, which enables Defendant to keep her in the same position under the guise she was not as qualified for the promotion as the person who ultimately received it.

21.     By engaging in the foregoing conduct Defendant has violated Plaintiff's rights under the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4).

6

22.    By acting as described herein, Defendant acted with malice or reckless disregard for Plaintiff's rights causing Plaintiff to undergo an intimidation, hostile and offensive work environment causing Plaintiff monetary damages ad emotional injuries and numerous other injuries.

## CAUSE OF ACTION

## COUNT THREE

(Pleading a Cause of Action for Age Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621-634.)

23.    Plaintiff repeats and re-alleges the allegations of ¶¶ 1-22 and incorporates them by reference.

24.    Plaintiff has been discriminated on the basis of Age by the Defendant in violation of the Age Discrimination in Employment Act (29 U.S.C.A. § 621) by Defendant's engaging in a course of conduct which included: failing to promote Plaintiff after years of uninterrupted and competent service, giving all promotions to an individual 24 years her junior.

25.    Each position Plaintiff applied for was given to Eric Enderlin who was approximately twenty-eight (28) years old.  Mr. Enderlin was hired in both positions, when he had no actual experience with the City's Department of Housing Preservation and Development.  Once Mr. Enderlin was permanently hired he was given the next promotion.

26.    Plaintiff is still in her same position.

7

27.     The entire job postings and job searches have been shams and pretexts for the City's determination to hire a young white male.

28.     Plaintiff has performed her duties and was given very good evaluations and also has performed supervisory duties, thus making her more qualified to handle managerial duties.

29.     Plaintiff has been unable, despite reasonable efforts, to get any promotions.

30.     As a proximate result of Defendant's age discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses, including the loss of future earnings, bonuses, deferred compensation, and other employment benefits.

31.     As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe lasting embarrassment, humiliation and anguish, monetary and other incidental and consequential damages and expenses.

32.     The conduct of Defendant was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages, even though they are a municipality.

## CAUSE OF ACTION

## COUNT FOUR

(Discrimination Based on the City Human Rights Law, Specifically under Intro 22A, the Local Civil Rights Restoration Act.)

33.     Plaintiff re-alleges the allegations of ¶¶ 1-32 and incorporates them by

8

reference therein.

34.     Plaintiff asserts jurisdiction based on the City of New York's Civil Rights Act.  Specifically Intro 22A provides the Court with the ability to expand any jurisdiction, which may be constricted by the state and federal statutes.  Consequently, Intro 22A of the City's Human Right Law will clearly give Plaintiff a full hearing on the merits.

35.     This Defendant City of New York's outrageous and malicious conduct, done with regard to Plaintiff's civil rights will allow her to be heard on Plaintiff's allegations.

36.     By acting as described herein, Defendant acted with malice or recklessness, causing Plaintiff to undergo intimidation, a hostile and offensive work environment, causing Plaintiff monetary damages and emotional injuries and numerous other activities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all parties in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of Race, or Age.

B.     An order requiring that the Defendant hire Plaintiff to the promotions which she applied for and was not interviewed for, with full seniority, status, salary, increments, bonuses and benefits to the same extent she would have received, but for Defendant's

unlawful conduct.  Along with an opportunity to be fully interviewed and considered for the second promotion.

      C.      Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for Americans of African extraction as well as older Americans.

      D.      Order the Corporation to make whole Wanda Sinclair, by providing back-pay with pre-judgment and post-judgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, promotion into the previous management position, or front pay in lieu thereof.

      E.      Award Plaintiff compensatory damages for past and future pecuniary losses and for non-pecuniary losses in the amount of $500,000.00.

      F.      An award of punitive damages.

      G.      Grant a reasonable attorney fee to Plaintiff.

      H.      Award the Plaintiff her costs and expenses incurred in pursuing this action.

      I.      Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all triable by jury.

Respectfully submitted,

PAMELA D. HAYES, ESQ.
200 West 57th Street, Suite 900
New York, New York 10019
(212) 687-8724 (telephone)
(212) 980-2969 (fax)
pdhayesesq@aol.com

*Attorney for Plaintiff*

DATED:    New York, New York
          January 5, 2006

TO:    Clerk of Court
       United States District Court
       Southern District of New York

       Corporation Counsel, City of New York
       100 Church Street
       New York, New York 10007